UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDYS A. MARTINEZ,<br><br>Petitioner,<br>v.<br><br>ISIDRO VACA, *et al.*,<br><br>Respondents. | Case No. 3:19-cv-00511-MMD-WGC<br><br>ORDER |

This habeas matter is before the Court on consideration of Petitioner Fredys A. Martinez's Application to Proceed *In Forma Pauperis* (ECF No. 1) and an initial review under the Rules Governing Section 2254 Cases.[1]

Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may request permission to proceed *in forma pauperis* ("IFP"). Indigent prisoners who do not have the money to pay the five dollar filing fee for a § 2254 habeas petition may apply for IFP status. A prisoner's IFP application must be submitted on the form provided by the court and include specific financial documents. *See* 28 U.S.C. § 1915; LSR 1-1, LSR 1-2. Martinez has submitted a complete IFP application. However, the Court will defer consideration of his IFP application until he resolves the issues with his pleading.

Martinez is proceeding in this case *pro se*. He submitted a document he calls a "Motion of Appeal Actually Innocent" ("Motion") (ECF No. 1-1). For the reasons discussed below, the Court orders Martinez to file a § 2254 petition on the approved form.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

*See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Martinez's motion states that he is "actually innocent of the crime" and is "requesting the document to enable him to better prepare a petition for writ NRS 34.726." (ECF No. 1-1.) He does not specify what document it is he that seeks. The remainder of his motion merely provides citation for numerous cases. In addition, the first page of the motion lists a case number from the Eighth Judicial District Court for Clark County, Nevada ("state court"). *See State of Nevada v. Martinez*, 06C226586.[2] The state court's docket indicates that a single judgment of conviction was entered in May 2007.

A *pro se* petitioner is required to file his petition for writ of habeas corpus under 28 U.S.C. § 2254 on the court's approved form. *See* LSR 3-1; Habeas Rule 2(d). Martinez has not filed a petition on the appropriate form, nor is he in substantial compliance with the form. The form is important as it provides the Court with necessary information to conduct preliminary review of his claims. In December 2010, Martinez filed a § 2254 petition in this court. *See Martinez v. Palmer*, 3:10-cv-00777-LRH-VPC, Feb. 25, 2013 Order (ECF No. 45) (dismissing with prejudice as untimely and entering judgment), *affirmed*, Case No. 13-15537 (9th Cir. Apr. 10, 2015). Because Martinez previously filed a federal habeas petition, which was dismissed as untimely, his current "motion" may be an attempt to file a second or successive petition. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition

---

[2]This Court takes judicial notice of the proceedings in Martinez's criminal case in the state court. The state court's docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

1 challenges the same state court judgment as the initial petition.").[3] Accordingly, Martinez must, within 30 days of the date of this order, file a petition for habeas corpus relief on the Court's § 2254 form clarifying his claims for relief and providing details and procedural history regarding the judgement of conviction he seeks to challenge.[4]

If Martinez chooses to file a petition, it must allege his claims for relief in short and plain terms, simply, concisely, and directly. This means that Martinez should avoid legal jargon and conclusions. Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted. Case citations and exhibits are not a substitute for a proper petition. Martinez should specifically identify what constitutional right(s) he believes were violated.

It is therefore ordered that the Court defers consideration of Petitioner Fredys A. Martinez's Application to Proceed *In Forma Pauperis* (ECF No. 1) until he properly files a petition.

It is further ordered that the Clerk of Court will mail Martinez two blank copies of the form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with instructions.

It is further ordered that, within 30 days from the date of this order, Martinez must file a petition that corrects the noted deficiencies.

///

///

///

///

---

[3] Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, a petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *See Brown*, 889 F.3d at 667.

[4] Martinez at all times remains responsible for calculating the applicable statute of limitations. By ordering Martinez to file a petition, the Court makes no finding or representation that the petition will be considered timely.

It is further ordered that failure to timely comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

DATED THIS 23rd day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE