UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDYS A. MARTINEZ, | Case No. 3:19-cv-00511-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| ISIDRO VACA, *et al.*, | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Fredys A. Martinez, a person incarcerated in Nevada who is proceeding *pro se.* Before the Court is Martinez's Applications to Proceed *In Forma Pauperis* (ECF Nos. 1, 9), Motion for Appointment of Counsel (ECF No. 8), and Amended Petition for Writ of Habeas Corpus (ECF No. 7). Following review under the Rules Governing Section 2254 Cases,[1] the Court finds that the amended petition is second or successive and therefore must be dismissed for lack of jurisdiction. As the Court lacks jurisdiction over the amended petition, all other pending motions will accordingly be denied.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

Martinez initiated this case on August 19, 2019, by filing a document he called a "Motion of Appeal Actually Innocent" (ECF No. 1-1). The motion stated that he is "actually innocent of the crime" and made an unspecific request for a "document to enable him to better prepare a petition for writ NRS 34.726." (*Id.*) The Court entered an order requiring Martinez to file a proper habeas petition and deferred consideration of his request for *in forma pauperis* ("IFP") status until such petition was filed. (ECF No. 3.) The Court noted that, "because Martinez previously filed a federal habeas petition, which was dismissed as untimely, his current 'motion' may be an attempt to file a second or successive petition." (*Id.*) *See also Martinez v. Palmer*, Case No. 3:10-cv-00777-LRH-VPC (D. Nev. Filed Dec. 14, 2010) ("2010 Case").

Martinez filed an Amended Petition for Writ of Habeas Corpus (ECF No. 7) on September 25, 2019. He challenges a May 2007 judgment of conviction entered by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Martinez*, Case No. 06C226586.[2] Martinez acknowledges that he previously challenged this same judgment of conviction in federal court. (ECF No. 7 at 4.) The Federal Public Defender's Office was appointed to represent Martinez in the 2010 Case. On February 25, 2013, the court issued an order in the 2010 Case granting the respondents' motion to dismiss, dismissing the petition with prejudice as untimely, and entering judgment accordingly. However, the court granted a certificate of appealability on the issue of equitable tolling. Martinez appealed, and the Ninth Circuit affirmed the district court's order dismissing the petition. *See Martinez v. Palmer*, Case No. 13-15537 (9th Cir. Apr. 10, 2015).

Because the prior federal petition was dismissed with prejudice, Martinez attacks the same judgment of conviction, and the claims Martinez raises here are based on facts that had occurred by the time of the prior federal petition, his amended petition is second

---

[2]This Court takes judicial notice of the proceedings in Martinez's criminal case in the Eighth Judicial District Court, which shows that no intervening judgment of conviction has been entered. The state court's docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

or successive. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841 (2019) ("It is now understood that a federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition. . . .").

Martinez also alleges he is "actually innocent" pursuant to 28 U.S.C. § 2244(d)(1). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" after the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329; citing *House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met)). Here, the amended petition does not allege that new reliable evidence supports Martinez's innocence. Rather, the amended petition merely repeats allegations and claims from the 2010 Case regarding ineffective assistance of counsel and inadequacy of evidence at trial. Martinez has failed to demonstrate that the amended petition is not successive or that he has a credible claim of actual innocence.

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, a petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *See Brown*, 889

F.3d at 667. Martinez does not indicate that he has received authorization from the Court of Appeals to file this second or successive petition, nor do the records of the Court of Appeals reflect that he has sought to obtain any such authorization. This second or successive petition must therefore be dismissed for lack of jurisdiction. As the Court lacks jurisdiction over the petition, all of Martinez's other motions are hereby denied.

It is therefore ordered that this action is dismissed without prejudice for lack of jurisdiction.

It is further ordered that Petitioner Fredys A. Martinez's Applications to Proceed *In Forma Pauperis* (ECF Nos. 1, 9), and Motion for Appointment of Counsel (ECF No. 8) are denied.

It is further ordered that Martinez is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition on jurisdictional grounds to be debatable or wrong.

It is further ordered that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED THIS 4th day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE